IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JESUS PADILLA, JR., Inmate #,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 06-398-JPG** |
| | ) | |
| **MARVIN POWERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This action was originally filed in Illinois state court and removed to this forum by Defendant Powers, pursuant to 28 U.S.C. § 1441. Defendant Powers has paid the filing fee for the action.

The Court will first perform a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and

any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

*Factual Allegations*

In his complaint, Plaintiff states that on April 20, 2004, he began to experience severe low back pain that prevented him from walking. He was taken from his cell to the infirmary by a nurse and an extraction team. Defendant Powers came to his cell in the infirmary and ordered Plaintiff to come to the door. Plaintiff told Defendant Powers that he was unable to move due to the severe pain. Defendant responded by telling Plaintiff he was "faking it" and that if he did not come to the door, Defendant would authorize a use of force by the tactical team to place Plaintiff in restraints. Plaintiff continued to state that he was unable to move. The tactical unit then entered the cell and restrained Plaintiff by slamming a shield onto Plaintiff's painful back, flipping him onto his stomach, grabbing and straightening his ankles, forcedly bending his knees to place him in leg restraints, and wrenching his arms behind his back to handcuff him. This process was extremely painful, and caused Plaintiff to cry out "in pain and anguish." Defendant Powers then ordered Plaintiff to sit up so that he could conduct an examination. Plaintiff stated that he could not sit up due to the pain. Defendant Powers then told him again that he was "faking" and ordered the tactical unit to sit Plaintiff up by force and hold him in that position. Plaintiff continued to scream in pain. Plaintiff states that Defendant Powers conducted a cursory examination ("about 5 seconds of running a pinwheel up and down plaintiffs legs"), and prescribed Motrin, Robaxin, and an unknown muscle relaxant. Plaintiff continued taking the Robaxin for two weeks and the Motrin for approximately four weeks. Defendant Powers did not order further testing.

Plaintiff states that on May 6, 2004, when he was released form the infirmary, he was

escorted by the tactical unit. According to Plaintiff, his high degree of pain and inability to walk or stand was so apparent to the officers in the tactical unit that they asked Defendant Powers to allow them to escort Plaintiff in a wheelchair. Defendant Powers denied the request because Plaintiff was "faking." Plaintiff states that the trip from the infirmary to his living unit (normally a five minute walk) took 45 minutes.

Plaintiff states that on May 18, 2004, Corrections Officer K. Hamilton and Nurse Donna Swank (not defendants) saw Plaintiff struggling to walk by himself and requested a wheelchair from the medical unit to transport Plaintiff from his living unit to the Bureau of Identification. Defendant Powers denied the request. Plaintiff states that it took approximately 55 minutes to carry and drag him to the Bureau of Identification. The next day, May 19, 2004, as Defendant Powers was making rounds in Plaintiff's living unit, Plaintiff showed him bruises that had been caused from his having to be carried and dragged. Defendant Powers told Plaintiff he was "faking it" and that the pain and injury were "a figment of plaintiffs imagination."

Plaintiff claims that Defendant Powers's refusal to treat him for his low back pain and injuries resulting from his being dragged and carried were "deliberate and malicious actions" causing "unnecessary infliction of pain and physical anguish," in violation of the Eighth Amendment and Illinois law. Plaintiff also claims that Defendant Powers' actions have subjected him to punishment without due process of law, in violation of the Fourteenth Amendment and Article I, Section 2 of the Illinois Constitution.

### *Deliberate Indifference*

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements.  The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977.  As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.*  The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm....  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless

disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Based on these standards, Plaintiff's deliberate indifference claim cannot be dismissed at this point in the litigation.

### *Due Process*

Plaintiff argues that Defendant Powers's actions deliberately causing pain constituted punishment without due process of law in violation of the Fourteenth Amendment. Although Plaintiff attempts to fashion a separate due process claim, this type of claim is absorbed by the Eighth Amendment claim described above.

> To the extent defendants could have violated plaintiffs' substantive due process rights, these rights are essentially coextensive with Eighth Amendment prohibitions against cruel and unusual punishment, and "where the deliberate use of force is challenged as excessive and unjustified," the Eighth Amendment serves as the primary source of protection for convicted prisoners.

*Lunsford v. Bennett*, 17 F.3d 1574, 1583 (7th Cir. 1994) (citing *Whitley v. Albers*, 475 U.S. 312, 326-

27 (1986)). As such, the Court will not deal with this claim separately, but as part of the Eighth Amendment deliberate indifference claim as stated above.

### *State Law Claims*

Plaintiff alleges various state law violations in connection with the deliberate indifference claim discussed above. The Court will exercise supplemental jurisdiction over these related state law claims. *See* 28 U.S.C. § 1367.

### *Summary and Conclusion*

Plaintiff is allowed to proceed against Defendant Powers on his claim of deliberate indifference to his serious medical needs and the related state law claims. Because Defendant Powers has already been served, has answered, and has filed a motion to dismiss, the Court may dispense with ordering service.

Plaintiff is **HEREBY ORDERED** to serve upon Defendant Powers through his attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated:  June 13, 2006**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**