IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JESUS PADILLA, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-398-JPG |
| | ) | |
| MARVIN POWERS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of

Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion

for Partial Dismissal filed by the defendant, Marvin Powers, on May 26, 2006 (Doc. 3) and the

Motion to Remand filed by the plaintiff, Jesus Padilla, Jr., on June 28, 2006 (Doc. 15).  For the

reasons set forth below, it is **RECOMMENDED** that the Motion for Partial Dismissal be

**GRANTED**, that the Motion to Remand be **DENIED**, and that the Court adopt the following

findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff Jesus Padilla, Jr., an inmate at the Tamms Correctional Center, originally filed

his complaint in state court on March 23, 2006.  Plaintiff alleges, in part, that Defendant, Marvin

Powers, a doctor at Tamms, failed to appropriately treat him for a back and leg condition and

further ordered various physical measures during his examination that violate the Eighth

Amendment of the United States Constitution and various state laws.  The defendant was served

with the complaint on April 26, 2006, and removed this matter on May 22, 2006.

Defendant Marvin Powers seeks dismissal of parts of the plaintiffs complaint. Specifically, Defendant Powers states that Plaintiff has not properly presented a claim for medical malpractice, that he has not asserted a claim for due process and equal protection pursuant to state law, and that a state statute governing disciplinary procedures is inapplicable to the plaintiff's claims.  In response, Plaintiff concedes that Defendant's motion for partial dismissal should be granted.  However, Plaintiff also has filed a motion to remand, arguing that Defendant has failed to comply with the removal statute.  On June 13, 2006, this matter was screened pursuant to 28 U.S.C. §1915.  In that Order, the Court asserted supplemental jurisdiction over Plaintiff's state law claims.

CONCLUSIONS OF LAW

**Motion to Remand**

28 U.S.C. §1441(b) provides for the removal from state court of a civil action to District Court if the District Court has subjection matter jurisdiction based on an allegation that raises a federal question.  In this lawsuit, Plaintiff alleges that Defendant violated his Eighth Amendment rights and has sued pursuant to 42 U.S.C. § 1983.  Therefore, this Court has jurisdiction.[1] Finally, the notice of removal was timely filed, pursuant to 28 U.S.C. §1446 as it was filed within thirty days of when the defendant received a copy of the complaint.  Therefore, it is **RECOMMENDED** that the Motion to Remand (Doc. 15) be **DENIED**.

**Motion to Dismiss**

In addition to the plaintiff's federal claims, Plaintiff has asserted claims based on state law under 730 ILCS §5/3-8-7 and for violations of Article 1, section 2 of the Illinois

---

[1] The plaintiff's state law claims will be discussed below.

Constitution.  Defendant further indicates that Plaintiff may be asserting a claim under Illinois'

medical malpractice statute.  In the Motion for Partial Dismissal (Doc. 3), Defendant requests

that this Court dismiss with prejudice Plaintiff's claims that reference the Illinois Constitution,

the Unified Code of Corrections, and any state law claim for medical malpractice.  In response,

Plaintiff does not challenge Defendant's arguments and instead states that the motion for partial

dismissal of these claims should be granted.  The Court will consider these three claims in turn.

With regard to Defendant's arguments concerning a claim for medical negligence: First,

this Court has not construed the plaintiff's complaint as alleging a medical negligence claim.

Second, although Defendant seeks a prejudicial dismissal of Plaintiff's supposed medical

negligence claim for failure to follow the required procedures when filing such a claim, such a

dismissal with prejudice is unwarranted as it is apparent that such a claim may not have been

intended.  Therefore, this Court **RECOMMENDS** that the motion to dismiss be **GRANTED** in

that any such claim of medical negligence asserted in Plaintiff's complaint be **DISMISSED**

**WITHOUT PREJUDICE**.

In his complaint, Plaintiff alleges he was subjected to corporal and other punishment

without due process in violation of 730 ILCS 5/3-8-7.  Although not discussed in the parties'

motions, 730 ILCS 5/3-8-7 was held unconstitutional in 2004 because its passage violated the

single subject rule of Article IV, section 8(d), of the 1970 Illinois Constitution, which states:

"Bills, except bills for appropriations and for the codification, revision or rearrangement of laws,

shall be confined to one subject." ILL. CONST. 1970, ART. IV., § 8(d); People v. Burdunice, 811

N.E.2d 678 (Ill. 2004).  In light of this information and the parties apparent agreement that the

claims under 730 ILCS 5/3-8-7 should be dismissed, this Court **RECOMMENDS** that the

motion to dismiss be **GRANTED** in that Claims asserted under 730 ILCS 5/3-8-7 in Plaintiff's

complaint be **DISMISSED**.

Finally, with regard to Article I, Section 2 of the Illinois Constitution, the Court does not

construe Plaintiff's complaint to allege a violation of equal protection; rather, Plaintiff alleges a

violation of his due process rights with regard to the "deliberate, negligent and malicious

actions" as described in his complaint (Doc. 2 at ¶ 23, 24).  Article I, Section 2 of the Illinois

Constitution states: "No person shall be deprived of life, liberty or property without due process

of law nor be denied the equal protection of the laws."  The Fourteenth Amendment to the

United States Constitution, Section 1, states in relevant part: "nor shall any state deprive any

person of life, liberty, or property, without due process of law."  U.S. CONST. AMEND. XIV, § 1,

cl. 2.  Although these clauses are essentially the same in form, they are not necessarily the same

in substance: The Illinois due process guarantee is not necessarily co-extensive with the 14th

Amendment's due process protections. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276

(7th Cir. 1997).  Ultimately, while the Illinois Supreme Court "may, in construing the Illinois

Constitution's guarantee of due process, look for guidance and inspiration to constructions of the

Federal due process clause by the Federal courts, the final conclusions on how the due process

guarantee of the Illinois Constitution should be construed are for [the Illinois] court to draw." Id.

(citing Rollins v. Ellwood, 141 Ill.2d 244, 152 Ill.Dec. 384, 398, 565 N.E.2d 1302, 1316 (1990)).

Therefore, a state law claim for violation of due process may be distinct from a federal due

process claim in that the Illinois courts may construe due process more broadly under the Illinois

state constitution than under the federal constitution.  The district court has already chosen to

exercise supplemental jurisdiction over Plaintiff's state law claims, so this claim may be brought if there are no other defects.

Defendant argues, however, that in order to establish a state due process claim, Plaintiff must have established in his complaint that he is entitled to some measure of procedural process with respect to his medical care and treatment.  Defendant further asserts that Plaintiff failed to establish such an entitlement, and further, that he would be unable to do so.  Plaintiff responds that he agrees with Defendant's allegation and contends that the motion to dismiss this claim be granted.  Therefore, it is **RECOMMENDED** that the motion to dismiss be **GRANTED** in that Claims asserted under Illinois Constitution in Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

### CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant's Motion for Partial Dismissal (Doc. 3) be **GRANTED,** that the Motion to Remand (Doc. 15) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 28, 2007**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

5