IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JESUS PADILLA, JR., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-398-JPG |
| | ) | |
| MARVIN POWERS, | ) | |
| | ) | |
|     Defendant. | ) | |

**REPORT AND RECOMMENDATION**

    This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment filed by Defendant Marvin Powers ("Defendant Powers") on January 22, 2007 (Doc. 25). For the reasons set forth below, it is **RECOMMENDED** the motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

F<small>INDINGS OF</small> F<small>ACT</small>

**Procedural History**

    Plaintiff Jesus Padilla, Jr. ("Plaintiff") originally filed this action in state court on March 23, 2006. Defendant Powers removed the matter from state court and filed here on May 22, 2006. In his complaint, Plaintiff, an inmate in Tamms Correctional Center, stated that in April 2004, Defendant Powers acted with deliberate indifference to his serious medical need of low back pain by causing Plaintiff to be transported and moved roughly by an extraction team, and by accusing Plaintiff of faking his injuries, and thereby refusing to order certain diagnostic tests. The Court completed its threshold review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) on

June 13, 2006, (Doc. 7), finding that Plaintiff had stated an Eighth Amendment claim of deliberate indifference to his serious medical needs against Defendant Powers. The Court dismissed Plaintiff's due process claims.

Defendant Powers filed a motion to dismiss the complaint shortly after the case was removed from state court (Doc. 3). On March 28, 2007, the Court granted Defendant Powers's motion to dismiss in part, dismissing the state law claims stated in the complaint (Doc. 34).

Defendant Powers now moves for summary judgment, arguing that there exists no evidence to suggest that he acted with deliberate indifference to any serious medical need of Plaintiff's and, therefore, summary judgment is appropriate in his favor (Doc. 25). In response, Plaintiff contends that his affidavit presents facts that indicate he suffered from a serious medical need, and further, that Defendant Powers acted sadistically and maliciously to cause harm in violation of the Eighth Amendment. Thus, Plaintiff argues, genuine issues of material fact exist to preclude summary judgment in Defendant Powers's favor (Doc. 39).

**Substantive History**

The undisputed facts indicate that on April 21, 2004, Plaintiff complained of extreme low back pain that was so severe that he was unable to move. He was removed from his cell and taken to the infirmary (Doc. 25-6 at 1). The parties dispute what transpired next.

Plaintiff's version of the facts are as follows: Defendant Powers came to Plaintiff's cell in the infirmary and ordered him to get up and come to the door, but Plaintiff informed Defendant Powers that he was unable to move due to his severe back pain (Doc. 40 at ¶ 6). Defendant Powers accused Plaintiff of "faking" his injury and threatened him by stating that if he did not come to the door, he would authorize the tactical unit to use force to restrain him (Doc. 40 at ¶

2

7).  After Plaintiff repeated that he was in so much pain he was unable to move, Defendant Powers authorized the tactical team to enter the cell (Doc. 40 at ¶ 8).  The tactical team then "slammed the shield directly on Plaintiff's back," roughly flipped him onto his stomach, grabbed his ankles and pulled them upward to place Plaintiff in leg shackles.  At the same time, the tactical team wrenched Plaintiff's arms behind his back to restrain him in handcuffs (Doc. 40 at ¶ 9).  Defendant Powers observed the tactical team placing Plaintiff in restraints and heard his cries of pain (Doc. 40 at ¶ 10).  Defendant Powers then ordered Plaintiff to sit up for examination but Plaintiff told him that he could not sit up due to his extreme pain (Doc. 40 at ¶ 11).  Defendant Powers then ordered the tactical team to force Plaintiff into a sitting position for examination (Pl. Affidavit, ¶ 11).   The tactical team did so, while Plaintiff screamed in pain (Doc. 40 at ¶ 12).

      Plaintiff states that these events, including Defendant Powers's accusation that Plaintiff was "faking," all occurred before Defendant Powers had examined him (Doc. 40 at ¶ 10).  After examination, which consisted of Defendant Powers running a pinwheel up and down Plaintiff's legs for five seconds, Defendant Powers prescribed Motrin and Robaxin (a muscle relaxant).

      Defendant Powers's version of the facts provide little information regarding the use of the tactical team prior to the initial examination, except for the following note from an exam in Plaintiff's medical chart:

> Laying on the infirmary bunk on his left side.  Refuses to get up or to even try to get up, claiming his legs are numb from the waist down.  Security entered the cell and secured the inmate.  He was placed in a sitting position and examined.  He was moving both lower extremities, had good and equal DTR of patella and ankles.  Good skin color overall of legs and feet.  Neurological pin wheel reveals sensory to be intact.

(Doc. 25-6 at 1).

The events that followed this initial encounter between Defendant Powers are discussed in detail in the parties' filings, but for the purposes of ruling on the pending motion requesting summary judgment, more need not be stated.

### CONCLUSIONS OF LAW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Haefling v. United Parcel Service, Inc., 169 F.3d 494, 497 (7th Cir. 1999); Dempsey v. Atchison, Topeka and Santa Fe Ry. Co., 16 F.3d 832, 836 (7th Cir. 1994). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970); Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999). A fact is material if it is outcome determinative under applicable law. Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999); Smith on behalf of Smith v. Severn, 129 F.3d 419, 427 (7th Cir. 1997); Estate of Stevens v. City of Green Bay, 105 F.3d 1169, 1173 (7th Cir. 1997).

Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. Plair v. E.J. Brach & Sons, Inc.,105 F.3d 343, 346 (7th Cir. 1997); Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir. 1994); Dempsey, 16 F.3d at 836. Finally, summary judgment "will not be defeated simply because motive or intent are involved." Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148 (7th Cir. 1994). See also, Miller,168 F.3d at 312; Plair, 105 F.3d at 347; Hong v. Children's Memorial Hospital, 993 F.2d 1257, 1261 (7th Cir. 1993); Lac Du Flambeau

Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir. 1993).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. . . . [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  See also, Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986); Haefling, 169 F.3d at 497-98; Sybron Transition Corp. v. Security Ins. Co. of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997); Weinberger v. State of Wis., 105 F.3d 1182, 1188 (7th Cir. 1997).

**Deliberate Indifference**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).  In order to prevail on this claim, the Plaintiff must show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." Greeno v. Daley, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted).  With respect to the objective component of that inquiry, "[a] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Foelker v. Outagamie County, 394 F.3d 510, 512-513 (7th Cir. 2005)

(citation omitted).

      A prisoner must also show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference to a serious medical need.  "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.' " Estelle, 429 U.S. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).  "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir. 1985).  Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough.  Duckworth, 780 F.2d at 653; Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir. 1987).  Put another way, the Plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. Greeno, 414 F.3d at 653.  "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer v. Brennan, 511 U.S. 825, 842 (1994).

      Defendant Powers argues that Plaintiff has not demonstrated that he suffered from a serious medical need, and that even if he did, he has no evidence to support a claim that Defendant Powers acted with deliberate indifference because there is no evidence to indicate that Defendant Powers believed Plaintiff was suffering from a serious medical need (Doc. 26 at 4).  In support, Defendant Powers cites Plaintiff's medical records reflecting his treatment subsequent to the initial examination in which the tactical team was involved.  He argues, based

6

solely upon these records, that he did not believe that Plaintiff suffered from a serious medical need and, therefore, he could not act with deliberate indifference to a need he did not believe existed. In replying to Plaintiff's response to the summary judgment motion, Defendant Powers did not address the Plaintiff's treatment prior to the initial examination.

Plaintiff argues that Defendant Powers's authorization of the use of force by the tactical team when Plaintiff was visibly in pain and before Defendant Powers had even examined him constituted deliberate indifference to his serious medical need. Plaintiff's affidavit demonstrates that Defendant Powers saw Plaintiff suffering, yet ordered a tactical team to use force to restrain him, causing him further pain. A material question of fact therefore exists as to whether Defendant Powers was aware of a substantial risk of serious harm to Plaintiff when he ordered the tactically team to forcefully handle Plaintiff before Plaintiff was physically examined. While the Court makes no finding as to Plaintiff's credibility or Defendant's awareness, it does find that such a factual question is sufficient to preclude summary judgment in favor of Defendant Powers. When the disputed facts are taken in the light most favorable to Plaintiff, it would not be unreasonable for a jury to find in favor of Plaintiff. Therefore, summary judgment should be denied.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion for Summary Judgment (Doc. 25), filed by Defendant Powers be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a

timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 26, 2007**

                                            s/ *Donald G. Wilkerson*
                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**