UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESUS PADILLA, JR.,

    Plaintiff,

v.

MARVIN POWERS,

    Defendant.

Case No. 06-cv-398-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 43) of Magistrate Judge Donald G. Wilkerson recommending that the Court deny defendant Marvin Powers's ("Powers") motion for summary judgment (Doc. 25). Powers has objected to the Report (Doc. 44), and plaintiff Jesus Padilla, Jr. ("Padilla") has responded to the objection (Doc. 46).

### I. Report and Recommendation Review Standard

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

### II. The Report and Objections

This matter stems from an incident in April 2004 when plaintiff Jesus Padilla Jr. ("Padilla"), an inmate at Tamms Correctional Center, was seen in the infirmary by Powers, a doctor at the facility. Viewing all facts and inferences in Padilla's favor, the evidence reveals

the following.

Early in the morning a nurse reported to Powers that Padilla was complaining of back pain. Powers ordered Padilla to be moved to the infirmary for observation. When Powers visited Padilla approximately five hours later, Padilla was lying on his side complaining of lower back pain and told Powers he could not get up and would not try to get up. After opining that Padilla was faking his ailment, Powers directed a tactical team of prison guards to secure Padilla in restraints and make him sit up, both of which caused Padilla severe pain. Powers examined Padilla briefly, found no medical basis for Padilla's complaints of pain, prescribed several medications and ordered Padilla to remain in the infirmary for further observation and assessment. Powers refused to order further testing or wheelchair transportation within the facility when Padilla was released from the infirmary in May 2004. Padilla filed this lawsuit alleging Powers was deliberately indifferent to his serious medical need in violation of his Eighth Amendment rights.

The Report found that there was a genuine issue of material fact regarding whether Padilla was suffering from a serious medical need and whether Powers behaved with deliberate indifference.

In his objection, Powers argues that there is no medical evidence showing Padilla was suffering from a serious medical need or showing Powers was aware of any serious medical need before examining Padilla, when the tactical team restrained him and made him sit up. Powers has submitted a supplemental affidavit in support of his objection.

**III    Analysis**

The Court has reviewed the motion *de novo* and concurs with the Report with the following clarifications. The Report adequately sets forth the relevant law, so the Court need not

repeat it in this order.

A.   Serious Medical Need

Powers argues that Padilla never suffered from a serious medical need, as is borne out by his post-incident medical records. The evidence, however, shows that although Powers found Padilla did not suffer from an objective, medically diagnosable neurological deficiency, he diagnosed Padilla with soft tissue aches and pains. Furthermore, Padilla testified that he was in severe pain. This is sufficient evidence from which a reasonable jury could conclude that Padilla was suffering serious pain requiring medical attention. Prisoners are not required to provide objective evidence of their pain. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). Powers is not entitled to summary judgment on this basis.

B.   Deliberate Indifference

As a preliminary matter, Powers's conduct can be broken into two categories: (1) pre-examination authorization of use of force to restrain Padilla and (2) post-examination response to Padilla's medical needs. The Court addresses each category in turn.

1.   Pre-Exam Conduct

In his objection, Powers argues that there is no evidence that he was deliberately indifferent to Padilla's medical needs before he examined Padilla. Powers states that he believed prior to the examination that Padilla had been able to follow normal procedures for moving inmates within the institution, that is, having an inmate stand with his back to the cell door and his hands through the "chuck hole" in the door to be handcuffed from behind, then having him back out of the cell so that leg irons could be placed on him, then escorting him as he walked through the facility. The fact that there were no notes in Padilla's medical file, which Powers reviewed before examining Padilla, about any difficulty transporting him or any recent trauma to

3

his back or neck and the fact that the movement took about 25 minutes made Powers think there had been no problems with the standard procedure. In fact, Padilla was taken to the Health Care Unit on a gurney. Powers argues that he was not actually aware of a serious medical need when, as Padilla testified, he told Padilla he was faking his injury and ordered the tactical team to restrain him and sit him upright to be examined.

Powers also states that he was not responsible for the standard procedures used by the tactical team to secure an inmate before a doctor can visit him in his cell and had no reason to know, prior to his examination of Padilla, that Padilla would be at risk of serious harm if those procedures were not modified for him.

While this may be sufficient evidence for a jury to find that Powers was not aware of a serious medical need, it is not sufficient to preclude a jury from finding otherwise. In light of all the evidence, a reasonable jury could find that Powers was aware of Padilla's severe pain because he heard his complaints, was aware of the methods used by the tactical team to restrain inmates, was aware that such methods would cause unnecessary pain to Padilla, and disregarded that risk to Padilla's health. That he authorized the tactical team to restrain Padilla without any special considerations for his medical condition could be viewed by a reasonable jury as deliberate indifference to Padilla's serious medical needs. Powers is not entitled to summary judgment with respect to his pre-examination conduct toward Padilla.

### 2. Post-Exam Conduct

There is no evidence from which a reasonable jury could find that Power's response to Padilla's medical needs after his examination amounted to deliberate indifference.

Deliberate indifference can arise where a treatment decision was a "substantial departure from accepted professional judgment, practice, or standards." *See Estate of Cole by Pardue v.*

4

*Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). However, a mere difference of opinion by medical professionals as to the way a medical problem should be treated, while it may lead to an inference of negligence, does not give rise to an inference of deliberate indifference. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001); *Pardue*, 94 F.3d at 261.

In this case, Powers examined Padilla and made objective findings that contradicted some of Padilla's complaints of numbness and inability to move. Based on the results of that examination, Powers diagnosed Padilla with soft tissue aches and pains, prescribed medication for those aches and pains and ordered further observation.[1] There is no evidence that such diagnosis or treatment was a substantial departure from accepted professional judgment or anything more than a difference of opinion with the medical literature Padilla consulted about his symptoms and the tests and treatment that should have been offered.[2]

Thus, there is no evidence from which a reasonable jury could conclude that Powers was deliberately indifferent to Padilla's medical needs after examining and diagnosing him. Powers is entitled to summary judgment on this portion of Padilla's claim.

## IV. Conclusion

For the foregoing reasons, the Court:

---

[1] The Court notes that there is one medical record indicating that Powers believed Padilla's symptoms were consistent with a pinched nerve. In his affidavit, Powers states that this was a scrivener's error and that the word "not" should have appeared in the sentence. Viewing the record as containing a scrivener's error is completely consistent with Powers other notes. No reasonable jury could find in light of all the evidence in the case that Powers actually believed Padilla suffered from a pinched nerve.

[2] To the extent Padilla complains about Powers's failure to address his lack of urination while he was in the prison infirmary, there is no evidence Powers was aware of such problems. To the extent Padilla complains about Powers's failure to address his lack of bowel movements while he was in the prison infirmary, Powers authorized appropriate treatment.

5

- **ADOPTS** the Report (Doc. 43) as **SUPPLEMENTED** by this order;

- **GRANTS in part** and **DENIES in part** Powers's motion for summary judgment (Doc. 25). The motion is **GRANTED** to the extent Padilla asserts an Eighth Amendment claim for deliberate indifference to his serious medical need based on Powers's treatment of his medical needs after his medical examination on April 21, 2004. The motion is **DENIED** to the extent Padilla asserts an Eighth Amendment claim for deliberate indifference to his serious medical need for authorizing force prior to Powers's examination of him on April 21, 2004; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: December 20, 2007**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**